FILED
2009 Sep-17 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| **ELLEN JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **UNITED COLLECTION BUREAU, INC.;** | ) |
| **CAPITAL MANAGEMENT SERVICES, L.P.; and** | )   CV _____ |
| **CHASE BANK, USA, N.A.** | ) |
| **Defendants.** | ) |

## COMPLAINT

The Claimant, Ellen Johnson ("Plaintiff") hereby states the following for her claims against Defendants United Collection Bureau, Inc. ("United"), Capital Management Services, L.P ("CMS"), and Chase Bank USA, N.A. ("Chase"):

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident and citizen of Tuscaloosa, Alabama.

2. CMS is a limited partnership situated in a State other than Alabama, the members of which are persons or entities of unknown citizenship.

3. Chase is a bank chartered under the laws of the United States.

4. United is a corporation organized and existing under the laws of a State other than Alabama, with a principal place of business located outside of Alabama.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that claims arising under the laws of the United States are asserted herein, and in that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), of all state-law claims. Moreover, venue is proper in this action in the United States District Court for the Northern District of Alabama, Western Division, in that a substantial portion of the acts or omissions giving rise to this case occurred in said district and division.

## **FACTS**

5. Plaintiff does not have, and has never had, a credit card or other account with Chase.

6. In early 2008, Plaintiff began receiving telephone calls from Chase at her home in Tuscaloosa, Alabama, calls which were answered by both Plaintiff and her husband. In those calls, representatives of Chase attempted to collect on an alleged account Plaintiff had with Chase. In each of those calls, the Chase representative advised that the account in issue was in the name of "Elizabeth Johnson." Plaintiff notified the Chase representatives that her name was "Ellen

Johnson" (though Elizabeth is her first name, she goes by "Ellen," her middle name).

Plaintiff further advised that she had never had an account with Chase, and that there was no valid debt.

7. In these first conversations between Plaintiff and Chase, Chase notified Plaintiff that the account was in the name of Ellen Johnson, with an account address at 3110 25th Street, Tuscaloosa, Alabama. In addition to her advising Chase that she had never had an account with Chase and that she did not use her first name of "Elizabeth," Plaintiff notified Chase in these first conversations that she had not ever lived, and did not live at, the 25th Street address, nor had she ever received mail at such address.

8. In these first conversations between Plaintiff and Chase, Chase representatives notified Plaintiff that a person by the name of Keandra Tool was listed on the account as an "authorized user." In general credit card parlance, an "authorized user" is a person who can make charges on a credit card account, but bears no financial responsibility for the payment of bills under the account. In each of these conversations, Plaintiff notified Chase representatives that she had never heard of a person named Keandra Tool, and that the account must be fraudulent. Despite receiving this information, Chase continued efforts to collect on the account from Plaintiff.

9. After Chase continued collection efforts, Plaintiff retained an attorney, Greg Pearson in Tuscaloosa, Alabama, to assist in attempting to have Chase cease its collection efforts. Mr. Pearson thereafter had at least two conversations with Chase's "fraud department." One call was routed to a Chase operations center located in the United States. The second call was routed to a Chase center overseas, upon information and belief, in the Philippines or some other foreign nation. In these calls, Mr. Pearson reiterated to Chase that the account was fraudulent and, further, directed Chase to cease collection efforts against Plaintiff. In the second call, Mr. Pearson had great difficulty communicating with the Chase representative, whose accent was garbled, and his English hopelessly broken.

10. Notwithstanding Plaintiff's and her lawyer's repeated notifications to Chase that the account was not hers, and that it was fraudulent, Chase refused to investigate the account and, instead, continued baseless and unlawful efforts to collect on the account. In or about May of 2008, Chase referred the account to Defendant United, a collection agency, for continued collection efforts against Plaintiff. To that end, United placed several calls to Plaintiff and her husband, with whom Plaintiff resides, in May and June of 2008, prompting Plaintiff to consult Mr. Pearson again for assistance. Pearson then sent a letter to United on June 11, 2008, a copy of which is attached as Exhibit 1 hereto, in which Plaintiff notified United that the account was fraudulent and was not Plaintiff's debt.

11. On or about June 18, 2008, a representative of United contacted Mr. Pearson to discuss the matter, and the United representative and Mr. Pearson spoke on June 20, 2008. Mr. Pearson documented that conversation in a letter of July 17, 2008 to United, a copy of which is attached as Exhibit 2. Notably, in that June 20 conversation, the United representative acknowledged receipt of Mr. Pearson's June 11 letter, which had laid out in detail the bases upon which the account was clearly fraudulent. However, the United representative notified Mr. Pearson in their June 18, 2008 conversation that she had not read the letter, even though an electronic copy was on her screen, because it was not her job to read the letter, but rather was simply her job to collect on the account.

12. Despite this additional notification that the account was not the Plaintiff's debt, Chase caused further collection calls and letters to be sent to Plaintiff. At some point in 2009, Chase referred the account to CMS, for CMS to take further action against Plaintiff concerning the account.

13. On or about July 8, 2009, CMS sent a letter to Plaintiff at 1186 Valley Forge Road, Tuscaloosa, Alabama 35406 (which is Plaintiff's actual home address). In that letter, CMS undertook to collect on the account from Plaintiff. A copy of CMS's letter is attached as Exhibit 3.

14. In response to this letter, Mr. Pearson sent a letter to Chase and CMS, dated July 17, 2009, a copy of which is attached hereto as Exhibit 4. In that letter,

5

Mr. Pearson again protested the repeated collection efforts, and attached his prior letters.

15. On August 24, 2009, Chase sent a letter (Exhibit 5 hereto) to Mr. Pearson, finally acknowledging, after <u>18 months</u> of wrongful collection efforts, that the account was fraudulent and that Plaintiff had no responsibility for it. Chase also acknowledged that the account was improperly reported on Plaintiff's credit report, and that Chase would take action to remove the adverse entries concerning the account.

13. Defendants have pervasively, repeatedly, and without justification attempted to collect an illegitimate debt from Plaintiff.  Additionally, Defendants have undertaken to besmirch and defame Plaintiff' credit standing and reputation by deliberately, recklessly, and/or knowingly reporting false information concerning Plaintiff to credit reporting agencies.

## **COUNT ONE – INVASION OF PRIVACY**

14. Plaintiff realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

15. Defendants have wrongfully and without justification intruded upon the privacy and seclusion of Plaintiff, by repeatedly and systematically undertaking to collect on an illegitimate debt using harassment, defamatory threats, rude behavior, and the like.

16. As a proximate result thereof, Plaintiff has suffered economic damages, mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Plaintiff requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## **COUNT TWO – OUTRAGE**

17. Plaintiff realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

18. Defendants have repeatedly and systematically undertaken to collect on an illegitimate debt using harassing tactics. Such conduct has taken place for many months and in repeated fashion and therefore is extreme, and utterly intolerable in any civilized society.

19. As a proximate result thereof, Plaintiff has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Plaintiff requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT THREE – DEFAMATION

20. Plaintiff realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

21. Defendants have repeatedly and systematically undertaken to collect on an illegitimate debt, by (among other things) publishing or causing to be published false and misleading information concerning Plaintiff' creditworthiness. In particular, Defendants have reported false credit information concerning Plaintiff to credit bureaus, and Chase has reported such information to others, knowing that the information was false.

22. As a proximate result thereof, Plaintiff has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Plaintiff requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT FOUR – NEGLIGENCE AND WANTONNESS

23. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

24. Defendants had a duty to Plaintiff to refrain from attempting to collect from Plaintiff on the account in issue, once Chase had notice from Plaintiff, received in early 2008, that the account was fraudulent.

25. Defendants had a duty to Plaintiff to investigate Plaintiff's repeated and truthful statements to them that the account was fraudulent and was not authorized by her.

26. Defendants negligently and wantonly breached said duties to the Plaintiff by, among other things, knowingly and willfully making further attempts to collect from Plaintiff on the account after Plaintiff notified Chase (and the other Defendants) that the account was fraudulent, and willfully refusing to investigate Plaintiff's truthful allegations of fraud regarding the account for many months, instead choosing to harass Plaintiff with further unlawful and illegitimate collection efforts.

27. As a proximate result of the Defendants' actions and omissions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## **COUNT FIVE – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST CMS**

28.   Plaintiff realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

29.   CMS is a "debt collector;" Plaintiff is a "consumer;" and the Chase account was and is a "debt" within the meaning of 15 U.S.C. § 1692a.

30.   CMS violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving actual or constructive notice from Plaintiff that the debt was not legitimately owed.

31.   CMS violated 15 U.S.C. § 1692d(5) by continuing to place telephone calls and engaging Claimant in conversation after knowing that the debt was not owed.

32.   Said Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting that the debt was legitimate when it in fact was not.

33.   Said Defendant violated 15 U.S.C. § 1692e(5) by threatening to take further legal action which could not lawfully be taken, since the debt was not legitimate in the first place.

34.   Said Defendant violated 15 U.S.C. § 1692f(1) in attempting to collect a debt which undisputedly was not owed.

35. Said Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts after being notified in a writing that Plaintiff disputed the debt.

36. Based on the foregoing violations, said Defendant is liable to Plaintiff under 15 U.S.C. § 1692k for actual damages, statutory damages, costs, and attorneys fees.

WHEREFORE, Plaintiff requests an award against CMS for actual damages, statutory damages, costs, and attorneys fees, together with interest and such further relief as may be appropriate.

### **COUNT SIX – VIOLATIONS OF FAIR CREDIT REPORTING ACT AGAINST CHASE**

37. Plaintiff realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

38. Defendants are "persons" who provide information concerning Plaintiff's "credit report", and Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a.

39. Defendants have negligently and/or willfully and knowingly violated 15 U.S.C. § 1681s-2(a) by willfully, knowingly, and deliberately furnishing false credit information concerning Plaintiff to credit reporting agencies, by reporting the account as unpaid and owed when it admittedly was not.

40. Pursuant to 15 U.S.C. §1681n & § 1681o, Plaintiff is entitled to actual and statutory damages, punitive damages, costs and attorneys fees.

WHEREFORE, Plaintiff requests an award of actual damages, statutory damages, punitive damages, costs, and attorneys fees, together with interest and such further relief as may be appropriate.

          **/s/ Wilson F. Green**
          One of the Attorneys for Plaintiff

**OF COUNSEL:**
Wilson F. Green
**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
2316 University Blvd. Ste. 200
Tuscaloosa, Alabama 35401
(205) 722-1018
wgreen@bfgwc.com

## JURY DEMAND

Plaintiffs demand trial by struck jury as to all claims so triable.

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

United Collection Bureau, Inc.
c/o CT Corporation System
1300 East 9th Street
Cleveland, OH  44114


Capital Management Services, LP
726 Exchange Street
Suite 700
Buffalo, NY  14210

Chase Bank, USA, NA
Executive Office
2500 Westfield Drive
Elgin, IL  60124